IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ZACHARY JACOB BLASDEL<br><br>Plaintiff,<br><br>vs.<br><br>(2) THE CITY OF BARTLESVILLE, OKLAHOMA, a municipal corporation,<br>(3) RICHARD DOYLE, in his official and individual capacity,<br>(4) CODY LEMMONS, in his official and individual capacity,<br><br>Defendants. | CIV. ACTION NO.: 26-cv-00505-CDL |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE

**COMES NOW**, Zachary Jacob Blasdel, Plaintiff herein, by his attorneys, Smiling, Smiling & Burgess, and for his causes of action against THE CITY OF BARTLESVILLE, OKLAHOMA, RICHARD DOYLE, AND CODY LEMMONS, alleges and states as follows:

## I. PARTIES

1. Plaintiff, Zachary Jacob Blasdel, is an individual who resides and is a citizen of Oklahoma.

2. The Defendants are:

   A. The City of Bartlesville, Oklahoma, a municipal corporation located in Washington County, Oklahoma;

   B. Richard Doyle, a police officer employed by the City of Bartlesville, who is sued in his individual and official capacity; and

C. Cody Lemmons, a police officer employed by the City of Bartlesville, who is sued in his individual and official capacity.

## II. JURISDICTION AND VENUE

3. This is a cause of action for injury to Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights by a government actor which is made actionable by 42 U.S.C. § 1983. Jurisdiction is vested over such action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

4. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.

5. Defendants are located in Washington County, and all acts complained of occurred in Washington County. Washington County is located within the Northern District for the United States District Courts of Oklahoma, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b)

## III. STATEMENT OF FACTS

6. Mr. Blasdel is an adult male who was released from federal custody on October 1, 2025, after the Tenth Circuit reversed the Northern District of Oklahoma's ruling on Mr. Blasdel's Motion to Suppress, after spending nearly three (3) years wrongfully incarcerated after his Fourth Amendment Rights were violated.

7. On October 26, 2022, an employee of the Acorn Mini Storage Facility in Bartlesville contacted the police to report the discovery of suspected drugs and firearms in one of their rental units that was leased to Mr. Blasdel.

8. Defendants, Richard Doyle and Cody Lemmons, police officers with the City of Bartlesville, responded and arrived at the storage facility.

9. Officer Doyle was the first officer to arrive, and he was informed that Unit 3992 was open and appeared to have guns and drug paraphernalia.

10. Once Officer Doyle arrived at Unit 3992, the door was slightly ajar. Officer Doyle testified that he could not see into the storage unit without protruding his head and using his flashlight through the slight opening of the door to further investigate.

11. Once Officer Doyle peered into the storage unit, without a warrant, he saw rocks that he believed were methamphetamine, a firearm, and money counter on top of a desk.

12. Officer Doyle then contacted Officer Lemmons, who arrived shortly after.

13. Officer Lemmons then entered Unit 3992 without a warrant and conducted his search.

14. After Officer Lemmons exited the storage unit, he drafted an affidavit in support of a search warrant for Unit 3992 using the information that was in violation of Mr. Blasdel's constitutional rights. The search warrant was then granted by a State Court Judge, and a second affidavit was drafted requesting to search Mr. Blasdel's home.

15. Subsequently, Mr. Blasdel was arrested, and property from his storage unit was seized.

16. Mr. Blasdel had over $45,000 in property seized that was never returned to him. Within the storage unit was the following:

- Roughly $30,000 in cash;
- Glass Desk;
- Office Chair;
- Antique dresser with a mirror;
- A Dresser without a mirror;
- Two end Tables:
- Thirty (30) boxes of baby formula;
- Thirty (30) packs of baby wipes;
- Roughly six (6) boxes of baby diapers;
- Fifty (50) glass jars of stage one baby food;
- Fifty (50) glass jars of stage two baby food;
- Fifty (50) glass jars of stage three baby food;
- Fifty (50) glass jars of stage four baby food;
- Eighty (80) 24-packs of soda products;

17. During this time, all of Officer Doyle and Officer Lemmon's actions were taken in their capacity as police officers for the City of Bartlesville and such actions were accomplished under the color law by use of the authority granted by virtue of their position.

18. The Officers responded to an employee's phone call that was made to the Bartlesville police department; the officers wore uniforms that indicated they were with the Bartlesville Police Department; and their equipment and vehicles were issued by the Bartlesville Police Department.

19. After Mr. Blasdel was arrested and held in custody, Mr. Blasdel filed a Motion to Suppress, arguing that the Bartlesville Police Department and its employees had violated his Fourth Amendment Rights by wrongfully searching and seizing evidence from Mr. Blasdel's storage units and from his home.

20. The District Court of the Northern District denied the Motion, and an appeal was filed to the Tenth Circuit.

21. The Tenth Circuit stated that individuals have a legitimate expectation of privacy in a storage unit. Moreover, the Tenth Circuit stated that the facts were clear: Officer Doyle peeked his head into Unit 3992, and Officer Lemmons entered Unit 3992 and opened a drawer before obtaining a search warrant.

22. Based on these facts, the Tenth Circuit found that the searches were unreasonable, that Mr. Blasdel had suffered a violation of his Fourth Amendment Rights, and that allowing officers to conduct searches in this manner would undermine the constitutional protections afforded by the Fourth Amendment.

23. The Tenth Circuit further found that Officer Lemmons' affidavit was vague and unclear until he included the information that he personally witnessed as a result of his illegal

search. Directly stating that Officer Lemmons knew or should have known his actions were unconstitutionally premature, and therefore, not entitled to the good-faith exception.

24. As a result of the Defendants' actions, Mr. Blasdel was incarcerated for roughly three (3) years.

25. As the direct result of the actions of the Defendants, Mr. Blasdel was arrested and charged due to the Defendants' wrongful actions, and because of the Defendants' actions, Mr. Blasdel was wrongfully imprisoned, constituting a violation of Mr. Blasdel's rights under the Fourth, Fifth, and Fourteenth Amendments which are made actionable through 42 U.S.C. § 1983.

26. Such actions also constitute state law actions for false arrest and false imprisonment.

27. As a direct result of such actions, Mr. Blasdel was injured by the loss of his freedom. Mr. Blasdel also suffered emotional distress in that, at the time of his arrest, his son was a newborn, and he missed irreplaceable time as his son developed from a newborn into a toddler. In addition, while Mr. Blasdel was incarcerated for nearly three (3) years, he missed the final moments of his grandfather and close friend, who passed away while Mr. Blasdel was falsely imprisoned. Further, such arrest and imprisonment forced Mr. Blasdel to stop working and supporting his family, suffering lost earnings. For these injuries, Mr. Blasdel is entitled to compensation in the form of damages.

28. Moreover, Mr. Blasdel had roughly $45,000 of property wrongfully seized from his storage units, and the property was never returned to him. For these injuries, Mr. Blasdel is entitled to compensation for his loss of property.

29. Because the actions of Officers Doyle and Lemmons were, at the least reckless, the Plaintiff is entitled to an award of punitive damages against Officers Doyle and Lemmons in their individual capacity.

30. Because the actions of Officers Doyle and Lemmons were the result of a failure to properly train Officer Doyle and Officer Lemmons on the procedures required for a warrantless search and seizure, the City of Bartlesville is liable for the unconstitutional conduct of its officers.

31. Because the failure to train and supervise Officers Doyle and Lemmons is, at the least, negligent, the City of Bartlesville is also liable for the negligent actions of its officers, including the false search, seizure, and imprisonment pursuant to the provisions of the Oklahoma Governmental Tort Claims Act (OGTCA).

32. Mr. Blasdel complied with the requirements of the OGTCA by giving proper notice to the City of Bartlesville, which notice was acknowledged by the City, and thereafter waiting ninety (90) days for the City to take action on the notice. After the ninety (90) day period expired, the City failed to take action, thus making the claim deemed as denied. Plaintiff's lawsuit has been filed within the requisite time after the deemed denial, thus satisfying the requirements of the OGTCA prior to filing this suit.

**Count I – 42 U.S.C. § 1983**
**Due Process: Fabrication of Evidence**
**Against Officer Cody Lemmons**

33. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

34. As described above, Cody Lemmons, while acting individually, jointly, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right under the Fourth Amendment by fabricating his affidavit in support of

the storage unit search warrant by utilizing information he personally witnessed during his unconstitutional pre-search-warrant search of the storage unit, that Officer Cody Lemmons knew or should have known were unconstitutionally premature.

35. The Tenth Circuit review of Mr. Blasdel's conviction corroborates this information by stating "the affidavit in support of the storage unit search warrant, Officer Lemmons spoke vague generalities about what the Acorn employees saw and communicated to him and to Officer Doyle. The section about what Officer Lemmons personally witnessed was precise and clear, but it was derived from pre-search-warrant searches that Officer Lemmons knew or should have known were constitutionally premature. The affidavit's phrasing is so facially deficient that Officer Lemmons could not reasonably have presumed it to be valid.

36. Cody Lemmons' misconduct resulted directly in the unjust criminal conviction of Mr. Blasdel, by violating Mr. Blasdel's right to privacy by drafting an affidavit that Officer Lemmons knew, or at a minimum should have known, was in violation of Mr. Blasdel's Fourth Amendment rights. Absent Officer Lemmons' misconduct, no probable cause would have existed and the prosecution of Mr. Blasdel could not and would not have been pursued.

37. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, and with reckless indifference to the rights of others.

38. As a result of Officer Lemmons' misconduct described in this Count, Plaintiff suffered loss of personal liberties, loss of property, emotional pain and suffering, and other grievous and continuing injuries and damages.

39. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Bartlesville Police Department and due to the Bartlesville Police Department's

failure to train and educate their officers regarding individuals' constitutional rights, in the manner more fully described below.

**Count II – 42 U.S.C. § 1983**
**Deprivation of Liberty without Probable Cause**
**Against Individual Defendants**

40. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

41. In the manner described above, the individual Defendants, individually, jointly, as well as under color of law and within the scope of their employment, unconstitutionally searched and seized Mr. Blasdel's property and caused the deprivation of Plaintiff's liberty, without probable cause in violation of his rights secured by the Fourth, Fifth, and Fourteenth Amendments.

42. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and in total disregard of Mr. Blasdel's constitutional rights.

43. As a result of the Defendants' misconduct described in this Count, Plaintiff suffered loss of personal liberties, loss of property, emotional pain and suffering, and other grievous and continuing injuries and damages.

44. The misconduct described in this Count by the Individual Defendants was undertaken pursuant to the policy and practice of the Bartlesville Police Department and due to the Bartlesville Police Department's failure to train and educate their officers regarding individuals' constitutional rights, in the manner more fully described below.

**Count III – 42 U.S.C. § 1983**
**Failure to Intervene**
**Against Individual Defendants**

45. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

46. During the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the violation of Mr. Blasdel's constitutional rights, even though they had the opportunity to do so.

47. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of Mr. Blasdel's constitutional rights.

48. As a result of the Defendants' failure to intervene to prevent the violation of Mr. Blasdel's constitutional rights, Plaintiff suffered loss of personal liberties, loss of property, emotional pain and suffering, and other grievous and continuing injuries and damages.

49. The misconduct described in this Count by Individual Defendants was undertaken pursuant to the policy and practice of the Bartlesville Police Department and due to the Bartlesville Police Department's failure to train and educate their officers regarding individuals' constitutional rights, in the manner more fully described below.

**Count IV – 42 U.S.C. § 1983**
**Municipal Liability**
**Against Defendant City of Bartlesville**

50. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

51. As described more fully herein, the City of Bartlesville is itself liable for the violation of Plaintiff's constitutional rights. Plaintiff's injuries were caused by the policies, practices, and customs of the Bartlesville Police Department, in that employees and agents of the Bartlesville Police Department, including Defendants in particular, when the Municipal Defendant's employees and agents unconstitutionally searched Mr. Blasdel's storage unit, unconstitutionally drafted an affidavit utilizing information that was wrongfully obtained, unconstitutionally seized Mr. Blasdel's property, pursued the conviction of Mr. Blasdel

through a flawed investigation, and otherwise violated due process in a similar manner to that alleged herein.

52. The above-described widespread practices, which were permitted to occur, constitute a de facto policy of the Bartlesville Police Department, were allowed to exist because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it. Furthermore, the above-described widespread practices were allowed to flourish because the Bartlesville Police Department has failed to implement sufficient training or any legitimate mechanism for oversight or punishment of officers and agents who openly violate an individual's constitutional rights.

53. Bartlesville Police Officers who violate an individual's constitutional rights, such as Mr. Blasdel's, had every reason to know that they enjoyed de facto immunity from criminal prosecution and/or Departmental discipline. In this way, this system proximately caused abuses, such as the misconduct at issue in this case.

54. The policies, practices, and customs set forth above were the moving force behind the constitutional violations in this case and directly and proximately caused Mr. Blasdel to suffer loss of personal liberties, loss of property, emotional pain and suffering, and other grievous and continuing injuries and damages.

**Count V – State Law Claim**
**Intentional Infliction of Emotional Distress**
**Against Individual Defendants**

55. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

56. In the manner described more fully above, Defendants engaged in extreme and outrageous conduct.

57. The Defendant either intended that their conduct would cause severe emotional distress to Mr. Blasdel or knew that there was a high probability that their conduct would cause severe emotional distress to Plaintiff.

58. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

59. As a proximate result of this misconduct, undertaken within the scope of Defendants' employment, Plaintiff suffered injuries, including but not limited to severe emotional distress.

60. Alternatively, at a minimum, Mr. Blasdel alleges that Officer Doyle and Lemmons' conduct would constitute as a negligent infliction of emotional distress, due to the Defendants' carelessness when the unconstitutional search and seizure was performed.

**Count VI – State Law Claim**
**Respondeat Superior**
**Against Defendant City of Bartlesville**

60. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

61. In committing the acts alleged in the preceding paragraphs, the Defendant Police Officers were members and agents of the Bartlesville Police Department acting at all relevant times within the scope of their employment.

62. Defendant City of Bartlesville is liable as principal for all torts committed by its agents.

**Count VII – State Law Claim**
**Indemnification**
**Against Defendant City of Bartlesville**

63. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

64. Oklahoma law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

65. The Individual Defendants are, or were, employees of the Bartlesville Police Department who acted within the scope of their employment in committing the misconduct described above.

66. The City of Bartlesville is liable to indemnify any compensatory judgment awarded against the Defendant Officers.

**WHEREFORE**, the Plaintiff Zachary Jacob Blasdel respectfully requests that this Court enter judgment in his favor and against Defendants, awarding compensatory damages, punitive damages, costs, and attorneys' fees, and interest, as well as any other relief this Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 17TH day of August, 2026.

**SMILING, SMILING & BURGESS**

By ______________________________

**PHILLIP J. BERRY OBA# 36045**
Bradford Place, Suite 300
9175 South Yale Avenue
Tulsa, Oklahoma 74137
(918) 477-7500
(918) 477-7510 *facsimile*
**sburgess@smilinglaw.com**
*(Counsel for Plaintiff)*